JUSTICE HUNT,
dissenting:
I dissent. The District Court incorrectly concluded that a breach of the implied covenant of good faith and fair dealing depends on the existence of an underlying breach of contract. This is not so. The existence of the tort of bad faith is a question separate and independent from the question of breach of contract. As this Court pointed out in Nicholson v. United Pacific Insurance Co. (1985), 219 Mont. 32, 41-42, 710 P.2d 1342, 1348:
“But whether performing or breaching, each party has a justifiable expectation that the other will act as a reasonable person. [Citation omitted.] The nature and extent of an implied covenant of good faith and fair dealing is measured in a particular contract by the justifiable expectations of the parties. Where one Party acts arbitrarily, capriciously or unreasonably, that conduct exceeds the justi *234 fiable expectations of the second party. The second party then should be compensated for damages resulting from the others culpable conduct.”
In Shiplet v. First Sec. Bank (Mont. 1988), [234 Mont. 166,] 762 P.2d 242, 246, 45 St.Rep. 1816, 1821, we reaffirmed this rule, noting that a breach of contract is not a prerequisite to breach of the covenant of good faith and fair dealing.
While the existence of a duty to act in good faith is a question of law which may be determined by a district court on summary judgment, the existence of a breach of the duty is a question of fact and is not properly decided on summary judgment. Simmons v. Jenkins (Mont. 1988), [230 Mont. 429,] 750 P.2d 1067, 1071, 45 St.Rep. 328, 332. In this case, defendants had an obligation to act reasonably and in good faith to its long-standing customer, Coles Department Store. Material questions of fact indicate that this duty may have been breached. Summary judgment was improper.
I would reverse the District Court.